IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL W. WATKINS and | ) | |
| MICHAEL D. WATKINS | ) | |
| | ) | |
| v. | ) | NO. 3:06-0197 |
| | ) | |
| KAJIMA INTERNATIONAL, INC., et al | ) | |

TO: Honorable Robert L. Echols, District Judge

### REPORT AND RECOMMENDATION

By order entered March 16, 2006 (Docket Entry No. 2), this action was referred to the Magistrate Judge, pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of all pretrial matters, including the submission of proposed findings of fact and recommendations for disposition of any dispositive motions.

On March 10, 2006, the pro se Plaintiffs filed the action asserting patent infringement and RICO claims, as well as other claims, and asserted federal question jurisdiction under 28 U.S.C. § 1331, under the United States Constitution, under the Soldiers and Sailors Civil Relief Act, and under the Geneva Convention.[1]

Plaintiffs' claims are based entirely upon events which occurred in California and which involve, in part, a series of state court proceedings in which one or both Plaintiffs were litigants. There are twenty-four (24) named Defendants. The only two Defendants who are not alleged to reside in California are Kajima International, Inc., which Plaintiffs state is a Georgia corporation,

---

[1] On March 29, 2006, Plaintiffs purported to remove five civil actions filed in the state courts of California and sought to consolidate those action with the instant case.

and Hiroaki Hoshino, who is alleged to be the Chief Executive Officer of U.S. Operations for Kajima. Of the twenty-two California Defendants, one is alleged to be a federal bankruptcy trustee and at least thirteen (13) are alleged to be either judges, attorneys, or other officials within the state legal system in California. The only connection between Tennessee and the instant lawsuit is that Plaintiff Michael W. Watkins has now apparently moved to Nashville, Tennessee.[2]

On March 29, 2006, Plaintiffs filed a Notice of Removal asserting that, pursuant to 28 U.S.C. § 1441, they are removing to this Court five civil actions filed in the state courts of California. See Docket Entry No. 5. Plaintiffs additionally request that the Court consolidate the five actions with the instant action and assert supplemental jurisdiction over the cases under 28 U.S.C. § 1367.

Plaintiffs' Notice of Removal has no justifiable legal basis and is defective for a multitude of reasons. Under 28 U.S.C. § 1441(a), removal is appropriate only "to the district court of the United States for the district and division embracing the place where such action is pending."[3] The five state court actions pending in California cannot be removed to the Middle District of Tennessee. Further, Plaintiff Michael W. Watkins professes to be a plaintiff in one of the actions and, thus, has no ability to remove that action under Section 1441(a). Finally, there is no indication that, even if the actions were properly removable to this Court, Plaintiffs have complied with the time requirements for removal set out in 28 U.S.C. § 1446(b).

---

[2] In the complaint, Plaintiff Michael W. Watkins lists himself as a resident of Carson, California. See Complaint at ¶ 9. The summons submitted with the complaint, however, lists a Nashville, Tennessee address for Plaintiff Michel W. Watkins.

[3] Similarly, 28 U.S.C. § 1442a, which Plaintiffs cite to as a basis for removal, requires removal to "the district court of the United States for the district where" the action sought to be removed is pending.

Accordingly, pursuant to 28 U.S.C. § 1447(c), the Court RECOMMENDS that the five actions at issue be remanded back[4] to the California courts as this Court lacks subject matter jurisdiction over the actions. Plaintiffs' claims asserted in the original complaint will remain pending.[5]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[4] Plaintiffs assert that all five actions are currently pending.

[5] Several Defendants have filed motions to dismiss. See Docket Entry Nos. 10, 12, 51, 58, 60, and 77. Plaintiffs have responded to the first four motions.