```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
        NASHVILLE DIVISION
```

MICHAEL W. WATKINS, and        )
MICHAEL D. WATKINS,            )
                               )
        Plaintiffs,            )
                               )
    v.                         )    Case No. 3:06-0197
                               )    Judge Echols
KAJIMA INTERNATIONAL, INC.     )
et al.,                        )
                               )
        Defendants.            )

### ORDER

Pending before the Court are *pro se* Plaintiffs' Objections (Docket Entry No. 92) to the Report and Recommendation ("R & R") (Docket Entry No. 84) issued by the Magistrate Judge. In the R & R the Magistrate Judge recommends remanding five California actions which Plaintiffs removed to this Court (Docket Entry No. 5).

Plaintiffs first object to the R & R, claiming the Magistrate Judge has no authority to issue any recommendations, orders, or rulings in this case. That objection is overruled. By Order issued contemporaneously herewith, the Court has overruled and denied Plaintiffs' objection to the Magistrate Judge issuing pretrial Orders in this case.

Plaintiffs next object "to the belief by the report that everything happened in California." (Docket Entry No. 92 at 2). While there may be marginal contacts with Tennessee (such as one of the Plaintiffs has now moved here), the fact remains that the

1

Verified Complaint indicates the very core of this case is based upon events which occurred in California and twenty-two of the twenty-four defendants reside in California. This objection is overruled.

Plaintiffs' third Objection, which they label their "main objection," is that the Magistrate Judge "barely even mentions 28 U.S.C. 1367." (Id.). That statute provides for supplemental jurisdiction "over all other claims in the action within such original jurisdiction that they form part of the same case or controversy." Tellingly, the statute requires that the Court have original jurisdiction over the underlying claim and specifically recognizes that other federal statutes provide for federal jurisdiction. Here, the removal statute, 28 U.S.C. § 1441, allows for removal of a state court action "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). None of the cases sought to be removed to this Court were pending in state courts in middle Tennessee and accordingly removal of these California cases to this Court is not authorized. This objection is overruled.

Plaintiffs' fourth objection relates to the statement by the Magistrate Judge that there is no indication that the removal petition is timely. Plaintiffs claim that, with one exception, "[t]he cases were removed within the year." Even if that is so, it

does not address the timeliness issue because, generally, removal must occur within thirty days of service of a pleading which indicates that the case is removable. 28 U.S.C. § 1446(b). In any event, the issue of timeliness is of little concern since, as already pointed out, the California cases are not removable to this Court. This objection is overruled.

Plaintiffs next object on the grounds that none of the Defendants voiced an objection to the removal within thirty days. While 28 U.S.C. § 1447(c) provides that a motion to remand must be filed within thirty days of removal, that statute also provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Here it was obvious to the Magistrate Judge that this Court lacked jurisdiction over the removed California cases and her recommendation to remand those cases was appropriate even without a motion by Defendants. This objection is overruled.

Finally Plaintiffs object on the grounds that the "common law" provides "that a citizen has the right to have all related claims heard under one forum." (Docket Entry No. 92 at 6). To the extent this may be so, the location of the forum is identified by statute and in this case the proper forum for removal of the California cases is not a district court in Tennessee. This objection is overruled.

3

Case 3:06-cv-00197   Document 113   Filed 02/15/07   Page 3 of 4 PageID #: 722

On the basis of the foregoing, the Court rules as follows:

(1) The Report and Recommendation (Docket Entry No. 84) is hereby ACCEPTED;

(2) Plaintiffs' Objections to the Report and Recommendation (Docket Entry No. 92) are hereby OVERRULED; and,

(3) The five actions identified by Plaintiffs as being removed to this Court (Docket Entry No. 5) are hereby REMANDED to the state courts from which they were removed.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE