UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL W. WATKINS, MICHAEL D. WATKINS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:06-0197 |
| | ) | Judge Echols |
| KAJIMA INTERNATIONAL INCORPORATED, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court are numerous Motions to Dismiss[1] filed by assorted Defendants

in what <u>pro se</u> Plaintiffs characterize as "primarily" a patent infringement case.  Motions to Dismiss

have been filed by  Defendants Pablo Castro (Docket Entry No. 10);  Sherry A. Thompson (Docket

Entry No. 12) ;  N. L. Hanover (Docket Entry No. 51); Michael Markel and Sandy Parker (Docket

Entry No. 58); Ronald M. George, Manuel A. Ramirez, Art W. McKinster, Betty Ann Richli, Jeffrey

King, Donald R. Alverez, David Cohn, Cynthia Ann Ludvigsen, David A. Williams, David Proulx,

and Robert Fowler (Docket Entry No. 60); Kajima International Inc. and Hiroaki Hoshino (Docket

Entry No. 77); and Anne Hunter, James F. Ahern, Bill Lockyer, Steven Sands, Peter Vail, Tom

Cavallo and the State of California (Docket Entry No. 100).

---

[1]Also pending are two motions in which Defendants N.L. Hanover (Docket Entry No. 54) and Michael Markel and Sandy Parker (Docket Entry No. 57)  seek to have this Court take Judicial Notice of certain filings which have been made in California courts.  Because this action will be dismissed for lack of personal jurisdiction and improper venue, those motions will be denied as moot.

1

The Motions to Dismiss raise various reasons for dismissal. Common among them is Defendants' assertion that this Court lacks personal jurisdiction over the Defendants and this Court is an improper venue, arguments with which the Court agrees.

## I. RELEVANT FACTS

The Verified Complaint is not a model of clarity and the allegations are difficult to follow. It appears, however, that the following are the relevant facts.

Plaintiffs Michael W. Watkins and Michael D. Watkins are apparently father and son. They claim that this case "started when Plaintiffs built the first house using the concrete wall system" which they developed. (Verified Complaint ¶ 41). Presumably this "concrete wall system" is the patent in issue. In any event, Plaintiffs claim that they were approached by "the Bellottis" who wanted Plaintiff to build a house for them and who incidentally happened to be members of "the under world [sic]." (Id.).

The Bellottis, "who were involved with Kajima" tried to steal the patent by filing a civil suit in a California court and when that did not work they went to "Plaintiff's wife and mother" and paid her to help them steal the patent. The "wife and mother" then filed for divorce in a California court and the judge presiding over the divorce action was "also involved with the patent and had direct contact with Kajima." (Id.).

After Plaintiff Michael W. Watkins obtained joint custody of his daughter, the wife and her attorney accused him of rape, which lead to the wife receiving full custody of the daughter. "The case" was transferred to juvenile court where a number of different judges were assigned and then recused themselves after they were sued by Plaintiffs.

2

While the divorce and/or custody proceedings were ongoing, the wife utilized Michael W. Watkin's credit card to steal $225,000, which prompted him to sue the wife and her attorney in a California state court for credit card fraud. The case was heard in Victorville, California where Plaintiff Michael W. Watkins had to "face the same crooked judges."

At some point the Bellottis filed a petition for bankruptcy in California and the bankruptcy trustee worked in concert with them to steal the patent. Also at some point, the California Contractors State License Board held proceedings related to the Plaintiffs. Apparently there were also some appeals, although it is not clear what matters were the subject of the appeals. (Id. ¶¶ 41, 54, 56).

In a nutshell, Plaintiffs claim that the Defendants have stolen millions of dollars from them. They allege a conspiracy between the Defendants to infringe on their patent and to pay "under world [sic] figures" to steal the patent. (Id. ¶ 43). Kajima is alleged to have "weld[ed] there [sic] billions of dollars to cause state officials to break the law and to commit fraud against Plaintiffs." (Id. ¶ 41). Plaintiffs claim "Defendants even admitted on the record to tampering with evidence, falsifying documents, extortion, taking pay offs, simulation of process, unclean hands and other forms of criminal obstruction of justice all for the purpose of stealing a patent." (Id. ¶ 43). As for the patent, Plaintiffs claim that it was infringed in Los Angeles and "[t]here is a 65 foot high Concrete building where the patent was used." (Id.).

Based upon these events, Plaintiffs filed suit in this Court against thirty-one named California residents, a Georgia resident, a corporation whose state of incorporation and principal place of business are unspecified, and fifty "Roe" Defendants with unstated citizenship. At the time

3

of the initiation of the suit, Plaintiffs were both California residents (Id. ¶¶ 9-10), although the record suggests Plaintiff Michael W. Watkins may have since moved to Tennessee.

The Defendants include at least ten California state court judges or court employees, a bankruptcy trustee, the now ex-wife and her attorney, the California Attorney General and at least two of his deputies, and the State of California. Plaintiffs have also sued Kajima International and its Chief Executive Officer.

Plaintiffs set forth seven causes of action.[2] Plaintiffs claim patent infringement, Fourth, Seventh, and Fourteenth Amendment violations, along with racketeering, obstruction of justice and fraud.

## II. STANDARDS OF REVIEW

### A. Jurisdiction

The burden to establish the jurisdiction of the Court is on the Plaintiffs. Third Nat'l Bank v. Wedge Group Inc., 882 F.2d 1087, 1089 (6th Cir. 1989); Inter-City Prod. Corp. v. Willey, 149 F.R.D. 563, 570 (M.D. Tenn. 1993). In considering a Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the Court need not hold an evidentiary hearing, but may rely solely on the pleadings, affidavits, and other written submissions of the parties. See Third Nat'l Bank, 882 F.2d at 1089. If the Court proceeds in that manner, the burden on the Plaintiffs is relatively slight, as the Plaintiffs must make only a prima facie showing of jurisdiction with the Court considering the facts in the light most favorable to the Plaintiffs. Id.

_____

[2]The Verified Complaint lists two "Second Causes of Action."

4

**B. Venue**

The Plaintiffs bear the burden of showing that venue is proper. <u>Gomberg v. Shosid</u>, 2006 WL 1881229 at *9 (E.D. Tenn. 2006). On a motion to dismiss for improper venue, the Court may examine facts outside the complaint, but must draw all reasonable inferences and resolve factual conflicts in favor of the Plaintiff. <u>Gone to the Beach, LLC v. Choicepoint Serv.</u>, 2006 WL 1645046 at *2 (W.D. Tenn. 2006); <u>Audi AG v. Izumi</u>, 204 F.Supp.2d 1013, 1017 (E.D. Mich. 2002).

## III. ANALYSIS

**A. Personal Jurisdiction Over The Defendants**

In order for this Court to have personal jurisdiction over the Defendants, the Plaintiffs must show the Defendants have sufficient minimum contacts with Tennessee such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945); <u>Young v. Track, Inc.</u>, 324 F.3d 409, 417 (6th Cir. 2003). Minimum contacts exist where the Defendants purposefully avail themselves of the privilege of conducting activities within the forum state. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985). Defendants who invoke the benefit and protections of the state's laws "should reasonably anticipate being haled into court there." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980).

A court may have either general or specific jurisdiction over a Defendant. <u>Fortis Corporate Ins. v. Viken Ship Mgmt.</u>, 450 F.3d 213, 218 (6th Cir. 2006). "Specific jurisdiction 'subjects the defendant to suit in the forum state only on claims that arise out of or relate to defendant's contact with the forum.'" <u>Id</u>. (citation omitted). Unlike specific jurisdiction, "[g]eneral jurisdiction is established 'when a defendant has continuous and systematic contacts with the forum state sufficient

5

to justify the state's exercise of judicial power with respect to any and all claims.'" Id. (citation omitted).

In this case, the Verified Complaint cannot be read as suggesting that this Court has either specific or general jurisdiction. From all outward appearances, none of the Defendants have any contact whatsoever with Tennessee. Moreover, the events about which Plaintiffs complain occurred in California. It was in California where allegedly the Plaintiffs used the patent in constructing a house, the Bellottis tried to steal the patent, the Bellottis cajoled Michael W. Watkins' ex-wife to file for divorce, the ex-wife made false claims of rape which caused Michael W. Watkins to lose custody of his daughter; the ex-wife and her attorney stole hundreds of thousands of dollars; the judges made improper rulings in relation to proceedings in which Plaintiffs were involved; Defendants conspired to steal the patent and millions of dollars; and the patent was used in building a 65-story concrete building.

Based upon the allegations contained in the Verified Complaint, maintenance of the suit in this Court would certainly offend "traditional notions of fair play and substantial justice,'" International Shoe, 326 U.S. at 316, since none of the Defendants can be said to have purposely availed themselves of conducting activities in Tennessee. Accordingly, this case is subject to dismissal based upon a lack of personal jurisdiction over the Defendants.[3]

---

[3]Because a California court may have jurisdiction over Plaintiffs' claims, dismissal will be without prejudice. Intera Corp. v. Henderson, 428 F.3d 605, 619 (6th Cir. 2005).

6

**B. Proper Venue**

The general venue statute is contained in 28 U.S.C. § 1391. Because Plaintiffs' claims are not based upon diversity of citizenship, but rather federal question jurisdiction, subsection (b) is applicable and provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, clause (1) is inapplicable because while virtually all of the Defendants are alleged to reside in California, at least one, the Chief Executive Officer of Kajima, is alleged to reside in Atlanta, Georgia. Nor is clause (3) applicable because there exists a district in which the case could be brought – one or more of the districts in California.

That leaves the possibility of clause (2). However, this clause does not confer venue in this court because no events or ommissions appear to have arisen in this district, and certainly not a substantial part of the events or omissions which give rise to Plaintiffs' claims. Therefore, venue is not proper in this Court under section 1391(b).

Because Plaintiffs allege patent infringement, they could seek to establish venue based upon 28 U.S.C. § 1400(b). That statute provides:

> (b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400(b).

7

The first provision of Section 1400(b) is inapplicable because none of the Defendants is alleged to reside in Tennessee, let alone in this district. The second provision is also inapplicable because while the Plaintiffs conclusorily allege Kajima has been "using the patent at Alameda and 6th [S]treet in Los Angeles[,] California and other projects through out [sic] the United States" (Verified Complaint ¶ 37), there is no suggestion that Kajima, or any of the Defendants for that matter, have a regular and established place of business in Tennessee. Quite the contrary, all that is alleged is that "Kajima Corporation" is an international company "doing business in the United States" (id. ¶ 4)[4] and that its Chief Executive Officer of its "U.S. operations" is located in Atlanta, Georgia. (Id. ¶ 11). This Court does not have venue over this action pursuant to the specific venue statute relating to patents.

Plaintiffs suggest that this Court has venue based upon 28 U.S.C. § 1391(d) which provides that "[a]n alien may be sued in any district." Even if it could be established that Kajima is an "alien corporation," this says nothing about the other Defendants. See, A.D.M. Club Mgmt. Sys. Inc. v. Gary Jones, 2006 WL 2689400 at *8 (D.N.J. 2006)(citation omitted)("'when an alien and a non-alien are joined as defendants, venue for the entire action is proper in any district where it is correct as to the non-alien defendant.'" ).[5]

---

[4]In its response to Kajima's Motion to Dismiss, Plaintiffs assert that Kajima's "Head Quarters [sic] itself in the State of Georgia for the Division of the United States[.]" (Docket Entry No. 91 at 2).

[5]In any event, section 1391(d) is a venue provision and has no bearing on the question of personal jurisdiction. eMag Solutions, LLC v. Today Kogyo Corp., 2006 WL 378548 at *1 (N.D. Cal. 2006).

## IV. **CONCLUSION**

On the basis of the foregoing, the Court concludes that it lacks personal jurisdiction over the Defendants and that venue is not proper in this Court. Accordingly, the Motions to Dismiss (Docket Entry Nos. 10, 12, 51, 58, 60, 77 and 100) will be granted. The motions seeking to have this Court take judicial notice (Docket Entry Nos. 54 and 57) will be denied as moot. This case will be dismissed without prejudice.

An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

9